IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 17 2017

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

**DAVID HICKS, Individually and on**
**Behalf of All Others Similarly Situated**                              **PLAINTIFF**

vs.                                     No. 4:17-cv-330-JLH

**FRITO-LAY, INC., and**                This case assigned to District Judge Holmes
**ROLLING FRITO-LAY SALES, LP**          and to Magistrate Judge Harris

**DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff David Hicks, individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Frito-Lay, Inc., and Rolling Frito-Lay Sales, LP (collectively referred to as "Defendant"), and in support thereof he does hereby state and allege as follows:

### I.
### JURISDICTION AND VENUE

1.  Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fees as a result of Defendant's failure to pay Plaintiff and all others

similarly situated minimum and overtime wages as required by the FLSA and AMWA.

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

4. This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within and without the State of Arkansas.

6. Defendant has a distribution facility in Little Rock.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Plaintiff was employed by Defendant as a truck driver, performing services for Defendant in the Western Division of the Eastern District of Arkansas.

9. The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.
## THE PARTIES

10. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas. At all times relevant to the allegations in this Complaint, Plaintiff was an employee of Defendant, performing job-related services in Little Rock, as well as throughout the central Arkansas and outside the State of Arkansas.

11. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

12. Separate Defendant Frito-Lay, Inc. ("Frito-Lay"), is an foreign corporation having a registered agent for service of process of The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

13. Frito-Lay has a distribution facility in Little Rock and conducts business throughout the State of Arkansas.

14. Frito-Lay's primary business purpose is to sell snack foods and employs drivers to accomplish this goal.

15. Separate Defendant Rolling Frito-Lay Sales, LP ("RFLS"), is an foreign limited partnership having a registered agent for service of process of The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

16. RFLS has a distribution facility in Little Rock and conducts business throughout the State of Arkansas.

17. RFLS's primary business purpose is to sell snack foods and employs drivers to accomplish this goal.

18. Defendant has individuals that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, including.

19. Defendant's annual gross volume of sales for each of the three years preceding the filing of the Original Complaint in this case is not less than $500,000.00.

20. Defendant employs at least five (5) employees.

## III.
## FACTUAL ALLEGATIONS

21. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

22. At all times relevant hereto, Defendant was Plaintiff's employer.

23. Defendant hired Plaintiff to snack food deliveries, set Plaintiff's rate of pay, and fully controlled Plaintiff's work schedule and the manner in which Plaintiff performed his job duties.

24. Plaintiff delivered snacks intrastate.

25. Defendant hired Plaintiff and similarly situated employees to deliver snack foods, and they worked more than 40 hours per week without receiving overtime premiums as required by law

26. Plaintiff's job duties for Defendant required him to work at least forty hours each week, and frequently as much as sixty hours per week, or more.

27. The mileage rate Defendant paid to Plaintiff did not include any amount intended to cover any of the overtime premiums to which Plaintiff was entitled.

28. Defendant did not pay Plaintiff any premium amount for hours that he worked over forty per week.

29. Defendant knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiff for his work as required by the FLSA and AMWA.

30. The putative class members were subject to the same job requirements and pay structure as Plaintiff, including the fact that they did not receive overtime compensation Therefore, the putative class members have suffered the same violations of the FLSA as Plaintiff at the hands of Defendant.

31. At all times relevant hereto, Defendant was aware of the overtime requirements of the FLSA and AMWA.

## IV.
## REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Class

32. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

33. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly

situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

    B.    Liquidated damages; and

    C.    Costs of this action, including attorney's fees.

35.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will file shortly a Consent to Join this lawsuit.

36.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

37.    The proposed class of opt-in Plaintiffs in this case is defined as all persons who meet the following requirements:

    A.    Were or are (hereinafter "were") employed by Defendant within the United States as a PEC Driver, or equivalent positions; and

    B.    Were paid on a mileage basis, without regard to the number of hours worked.

38.    The proposed FLSA class members are similarly situated in that they share these traits:

    A.    They performed the same or similar job duties; and

    B.    They were subject to Defendant's common compensation policy that deprived them of overtime wages.

39. Plaintiff is unable to state the exact number of class members but believes that the class exceeds twenty (20) persons due to tenure and turnover.

40. Defendant can readily identify the members of the Section 16(b) class, which encompasses all PEC drivers and other similar employees employed by Defendant within the United States who were required to provide their own vehicles for use in performing their job duties for Defendant.

41. The names and physical and mailing addresses of the FLSA collective action Plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiffs via first class mail and email to their last known physical and electronic mailing addresses, or cell phone number, as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.
## FIRST CAUSE OF ACTION

### (Individual Claim for Violations of the FLSA)

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45. At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

46. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48. Plaintiff did not qualify for any exemption to the overtime wage requirements of the FLSA.

49. Despite Plaintiff's entitlement to overtime wages under the FLSA, Defendant failed to pay Plaintiff overtime at a rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

50. Defendant's failure to pay Plaintiff overtime wages was willful.

51. At all times relevant hereto, Defendant had knowledge of the overtime requirements of the FLSA and of Plaintiff's entitlement thereto, yet Defendant failed to comply with the same.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.
## SECOND CAUSE OF ACTION

**(Individual Claim for Violations of the AMWA)**

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

55. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

56. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

57. Plaintiff was non-exempt from the overtime requirements of the AMWA.

58. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

59. By reason of the unlawful and willful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII.
## THIRD CAUSE OF ACTION

**(Collective Action Claims for Violations of the FLSA)**

60. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

61. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

62. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

63. Class members suffered the same FLSA overtime violations as Plaintiff suffered individually, as alleged herein above.

64. By reason of the unlawful and willful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff David Hicks, individually on behalf of himself and all others similarly situated and the members of the proposed Section 216 class, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed class members;

C. For an order of this Honorable Court entering judgment in favor of Plaintiff and the proposed class members against Defendant for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA and the AMWA;

E. For attorneys' fees, costs, and pre-judgment interest; and

F. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**DAVID HICKS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Daniel Ford
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com