### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**DAVID HICKS, Individually and on Behalf
of All Others Similarly Situated**

**PLAINTIFFS**

v.                                                   Civil Action No. 4:17-cv-330-JLH

**FRITO-LAY, INC., and ROLLING
FRITO-LAY SALES, LP**

**DEFENDANTS**

---

### DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – COLLECTIVE ACTION

---

Comes Now Defendants, Frito-Lay, Inc. and Rolling Frito-Lay Sales, LP (collectively "Defendants") by and through their undersigned counsel, and for their Answer to Plaintiff's Original Complaint – Collective Action (hereinafter referred to as "Complaint"), state:

### I.       JURISDICTION AND VENUE

1.       Answering paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff purports to assert claims against them for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"), and the Arkansas Minimum Wage Act ("AMWA"). Defendants deny any such liability and deny all remaining allegations in this paragraph.

2.       Answering paragraph 2 of Plaintiff's Complaint, under what law this action arises, or whether this Court has jurisdiction over this matter, is a question of law for which no

response is required.  To the extent an Answer is required to the allegations in this paragraph, Defendants deny the same.

3.      Answering paragraph 3 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

4.      Answering paragraph 4 of Plaintiff's Complaint, whether this Court has supplemental jurisdiction over Plaintiff's state law claims, is a question of law for which no response is required.  To the extent an Answer is required to the allegations in this paragraph, Defendants deny the same.

5.      Answering paragraph 5 of Plaintiff's Complaint, Defendants admit the allegations in this paragraph.

6.      Answering paragraph 6 of Plaintiff's Complaint, Defendants admit the allegations in this paragraph.

7.      Answering paragraph 7 of Plaintiff's Complaint, whether venue is proper in this District is a question of law for which no response is required.  To the extent an Answer is required to the allegations in this paragraph, Defendants deny the same.

8.      Answering paragraph 8 of Plaintiff's Complaint, Defendants admit the allegations in this paragraph.

9.      Answering paragraph 9 of Plaintiff's Complaint, whether venue is proper in this district, is a question of law for which no response is required.  To the extent an Answer is required to the allegations in this paragraph, Defendants deny the same.

## II.      THE PARTIES

10.     Answering paragraph 10 of Plaintiff's Complaint, Defendants admit that Plaintiff was an employee of Defendant Rolling Frito-Lay Sales, LP from April 30, 2004, to October 4,

2016, performing job-related services in Little Rock.  Defendants are without sufficient information to form a belief upon which they can either admit or deny the remaining allegations within this paragraph, and on that basis deny the same.

11.     Answering paragraph 11 of Plaintiff's Complaint, Defendants admit that Plaintiff is entitled to certain rights, protections, and benefits provided under the FLSA and the AMWA. Defendants deny that Plaintiff is entitled to overtime compensation for hours worked over 40 in one workweek due to his exemption from same.  Defendants deny that other employees are similarly situated to Plaintiff.  Defendants deny any remaining allegations in this paragraph.

12.     Answering paragraph 12 of Plaintiff's Complaint, Defendants admit that Defendant Frito-Lay, Inc. is a foreign corporation having a registered agent for service of process of CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

13.     Answering paragraph 13 of Plaintiff's Complaint, Defendants admit that Defendant Frito-Lay, Inc. conducts business throughout the State of Arkansas.  Defendants deny the remaining allegations in this paragraph.

14.     Answering paragraph 14 of Plaintiff's Complaint, Defendants admit that Defendant Frito-Lay, Inc.'s primary business purpose is the sale of snack foods.  Defendants admit that Defendant Rolling Frito-Lay Sales, LP employs drivers to help accomplish this goal. Defendants deny any remaining allegations in this paragraph.

15.     Answering paragraph 15 of Plaintiff's Complaint, Defendants admit that Defendant Rolling Frito-Lay Sales, LP is a foreign limited partnership having a registered agent for service of process of CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

16.     Answering paragraph 16 of Plaintiff's Complaint, Defendants admit that Defendant Rolling Frito-Lay Sales, LP conducts business throughout the State of Arkansas. Defendants deny the remaining allegations in this paragraph.

17.     Answering paragraph 17 of Plaintiff's Complaint, Defendants admit that Defendant Frito-Lay, Inc.'s primary business purpose is the sale of snack foods.  Defendants admit that Defendant Rolling Frito-Lay Sales, LP employs drivers to help accomplish this goal. Defendants deny any remaining allegations in this paragraph.

18.     Answering paragraph 18 of Plaintiff's Complaint, Defendants admit that both Defendants each have individuals that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.  Paragraph 18 is missing a conclusion to the sentence, so Defendants cannot respond to any allegations in this paragraph.  To the extent an Answer is required to those missing allegations in this paragraph, Defendants deny the same.

19.     Answering paragraph 19 of Plaintiff's Complaint, Defendants admit the allegations in this paragraph.

20.     Answering paragraph 20 of Plaintiff's Complaint, Defendants admit that both Defendants employ at least five (5) employees each.

### III.     FACTUAL ALLEGATIONS

21.     Answering paragraph 21 of Plaintiff's Complaint, Defendants incorporate herein by reference their responses to all previous paragraphs of Plaintiff's Complaint as though fully set forth herein.

22.     Answering paragraph 22 of Plaintiff's Complaint, Defendants admit that Defendant Rolling Frito-Lay Sales, LP, employed Plaintiff during the relevant time period of this lawsuit.  Defendants deny all remaining allegations in this paragraph.

23.     Answering paragraph 23 of Plaintiff's Complaint, Defendants admit that Defendant Rolling Frito-Lay Sales, LP hired Plaintiff, set Plaintiff's rate of pay, set his route, and the manner in which Plaintiff performed his job duties.  Defendants deny all remaining allegations in this paragraph.

24.     Answering paragraph 24 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

25.     Answering paragraph 25 of Plaintiff's Complaint, Defendants admit that Defendant Rolling Frito-Lay Sales, LP hired Plaintiff and other employees to deliver snack foods.  Defendants deny all remaining allegations in this paragraph.

26.     Answering paragraph 26 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

27.     Answering paragraph 27 of Plaintiff's Complaint, Defendants deny that Plaintiff was entitled to overtime premiums.  Defendants deny all remaining allegations in this paragraph.

28.     Answering paragraph 28 of Plaintiff's Complaint, Defendants admit that Plaintiff was not provided any premium amount for hours that he worked over forty per week. Defendants deny that he was entitled to any such amounts.

29.     Answering paragraph 29 of Plaintiff's Complaint, Defendants deny all allegations in this paragraph.

30.     Answering paragraph 30 of Plaintiff's Complaint, Defendants deny all allegations in this paragraph.

31.     Answering paragraph 31 of Plaintiff's Complaint, Defendants admit the allegations in this paragraph.

## VI.   REPRESENTATIVE ACTION ALLEGATIONS

### A.   FLSA § 216(b) Class

32.     Defendants incorporate herein by reference their responses to all previous paragraphs of Plaintiff's Complaint as though fully set forth herein.

33.     Answering paragraph 33 of Plaintiff's Complaint and all subparagraphs contained therein, Defendants admit that Plaintiff purports to bring claims for relief for alleged violations of the FLSA and seeks damages as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Defendants deny that Plaintiff's allegations are suitable for collective action treatment or that they have failed to properly compensate Plaintiffs and members of the putative collective action under any applicable law.  Defendants deny all remaining allegations in this paragraph.

34.     Defendants note there is no paragraph 34 in Plaintiff's Complaint to which they can respond.

35.     Answering paragraph 35 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief upon which they can either admit or deny the allegations within this paragraph, and on that basis deny the same.

36.     Answering paragraph 36 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

37.     Answering paragraph 37 of Plaintiff's Complaint, and all subparagraphs contained therein, Defendants admit that Plaintiff seeks to represent other employees as described herein.  Defendants deny that any certification of such a collective action is appropriate.  Defendants deny all remaining allegations in this paragraph.

38.     Answering paragraph 38 of Plaintiff's Complaint, and all subparagraphs contained therein, Defendants deny the allegations in this paragraph.

39.     Answering paragraph 39 of Plaintiff's Complaint, Defendants are without sufficient information to form a belief upon which they can either admit or deny the allegations within this paragraph, and on that basis deny the same.

40.     Answering paragraph 40 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

41.     Answering paragraph 41 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

## V.     FIRST CAUSE OF ACTION

### (Individual Claim for Violations of the FLSA)

42.     Defendants note there is no paragraph 42 in Plaintiff's Complaint to which they can respond.

43.     Defendants incorporate herein by reference their responses to all previous paragraphs of Plaintiff's Complaint as though fully set forth herein.

44.     Answering paragraph 44 of Plaintiffs' Complaint, Defendants admit that Plaintiff seeks damages and relief pursuant to the FLSA.  Defendants deny that Plaintiff is entitled to any such damages and/or relief.  Defendants deny all remaining allegations in this paragraph.

45.     Answering paragraph 45 of Plaintiff's Complaint, Defendants admit that Defendant Rolling Frito-Lay Sales, LP, employed Plaintiff from April 30, 2004, to October 4, 2016.  Defendants deny all remaining allegations in this paragraph.

46.     Answering paragraph 46 of Plaintiff's Complaint, Defendants admit the allegations in this paragraph.

47.     Answering paragraph 47 of Plaintiff's Complaint, the provisions of the FLSA speak for themselves, and therefore, Defendants are not required to either admit or deny.

48.     Answering paragraph 48 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

49.     Answering paragraph 49 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

50.     Answering paragraph 50 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

51.     Answering paragraph 51 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

52.     Answering paragraph 52 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

## VI.     <u>SECOND CAUSE OF ACTION</u>

### (Individual Claims for Violations of the AMWA)

53.     Defendants incorporate herein by reference their responses to all previous paragraphs of Plaintiff's Complaint as though fully set forth herein.

54.     Answering paragraph 54 of Plaintiff's Complaint, Defendants admit that Plaintiff seeks damages and relief pursuant to the AMWA.  Defendants deny that Plaintiff is entitled to any such damages and/or relief.  Defendants deny all remaining allegations in this paragraph.

55.     Answering paragraph 55 of Plaintiff's Complaint, Defendants admit that Defendant Rolling Frito-Lay Sales, LP, employed Plaintiff from April 30, 2004 to October 4, 2016.  Defendants deny all remaining allegations in this paragraph.

56.     Answering paragraph 56 of Plaintiff's Complaint, the provisions of the Arkansas Code speak for themselves, and therefore, Defendants are not required to either admit or deny.

57.     Answering paragraph 57 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

58.     Answering paragraph 58 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

59.     Answering paragraph 59 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

## VII.   THIRD CAUSE OF ACTION

### (Collective Action Claims for Violations of the FLSA)

60.     Defendants incorporate herein by reference their responses to all previous paragraphs of Plaintiff's Complaint as though fully set forth herein.

61.     Answering paragraph 61 of Plaintiff's Complaint, Defendants admit that Plaintiff seeks damages and relief pursuant to the FLSA on behalf of himself and others.  Defendants deny that Plaintiff is entitled to any such damages and/or relief.  Defendants deny that Plaintiff is similarly situated to any other employee.  Defendants deny all remaining allegations in this paragraph.

62.     Answering paragraph 62 of Plaintiff's Complaint, Defendants admit that Defendant Rolling Frito-Lay Sales, LP, employed Plaintiff from April 30, 2004, to October 4, 2016.  Defendants deny all remaining allegations in this paragraph.

63.     Answering paragraph 63 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

64.     Answering paragraph 64 of Plaintiff's Complaint, Defendants deny the allegations in this paragraph.

## VIII.   <u>PRAYER FOR RELIEF</u>

Defendants deny that Plaintiff and any putative collective action members are entitled to any of the relief requested in the Complaint, or to any relief whatsoever.

## <u>AFFIRMATIVE DEFENSES</u>

1.      Defendants Frito-Lay, Inc. and Rolling Frito-Lay Sales, LP, affirmatively plead that Defendant Frito-Lay, Inc. was not an "employer" of Plaintiff within the meaning of the relevant statutes and laws.  Defendants set forth the following affirmative defenses, some of which may potentially be inconsistent with their defense that Frito-Lay, Inc. was not the employer of Plaintiff.  For any such affirmative defenses that are deemed inconsistent with Defendants' position that they did not employ Plaintiff, Defendants state that those defenses are stated as alternative defenses.  The defenses listed below may apply to some or all of the purported members of the alleged class action.

2.      In order to preserve their affirmative defenses and pending completion of discovery, Defendants affirmatively plead that Plaintiff's claims are barred, wholly or in part, by estoppel, unclean hands, release, payment, laches, waiver, accord and satisfaction, or indemnification, and any other defenses and affirmative defenses contained in Fed. R. Civ. P. 8(c) and 12(h).

3.      Defendants affirmatively plead the statute of limitations as a complete bar to any claims asserted outside the appropriate statute of limitations, both for Plaintiff and any members of a purported collective action class.

4.      Defendants state that Plaintiff's Complaint should be dismissed in its entirety because Plaintiffs have failed to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

5.      Plaintiff does not have standing to bring claims under the AMWA, the FLSA, or any other law or legal theory on behalf of individuals who were not employed by the same employer as Plaintiff.

6.      Plaintiff and alleged members of the purported class are barred from seeking liquidated damages because Defendants acted in good faith and with appropriate and reasonable grounds for believing any actions or omissions were in compliance with the AMWA, FLSA and other applicable laws.

7.      Pursuant to 29 U.S.C. § 259 and other applicable law, all actions by Defendants with regard to Plaintiff and any of the putative members of the purported collective action were lawful and in good faith compliance with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or the Arkansas Department of Labor, thus acting as a bar to liability.

8.      Defendants did not willfully deprive any person of any wages to which he or she may have been entitled.

9.      If Plaintiff succeeds in establishing any violation under the AMWA, the FLSA, or any other law or legal theory, and to the extent any sums are found due and owing to Plaintiffs, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or

released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages.

10.    Defendants affirmatively plead that certain of Plaintiff's state law claims should be dismissed because the claims are precluded, preempted, or are incompatible with other claims set forth in this litigation.

11.    Plaintiff and the putative members of the purported collective action are barred from recovering penalties or liquidated damages pursuant to, *inter alia*, the FLSA or the AMWA because: (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; (b) neither Defendants nor any agent or employee of Defendants acted willfully in failing to pay wages allegedly due to Plaintiff or others; (c) Defendants' acts or omissions, if any, were taken because of a reasonable belief that their actions or omissions were lawful; and (d) Defendants' acts or omissions, if any, were in good faith and with reasonable belief that the alleged acts or omission, if any, were not a violation of any applicable law.

12.    Plaintiff's claims are those of any alleged class members of the putative class, are barred to the extent any of said individuals petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States Bankruptcy Code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

13.    Plaintiffs cannot satisfy the requirements for a collective action under 29 U.S.C. § 216(b), thus barring a collective action under same.

14.    Plaintiff does not state facts sufficient to certify a collective pursuant 29 U.S.C. § 216(b).

15.    There is a lack of common issues of fact or law and, accordingly, this action is not properly brought as a collective action.

16.     Plaintiff is not the proper representative of the collective/class he purports to represent and, accordingly, this action is not properly brought as a collective action.

17.     Plaintiff's claims are not typical of the collective he purports to represent and, accordingly, this action is not properly brought as a collective action.

18.     The collective action procedure is not the superior method for adjudicating Plaintiff's claims or the claims of the purported collective and, accordingly, this action is not properly brought as a collective action.

19.     Plaintiff's claims, and those of the putative collective action, are barred in whole or in part due to exemptions and exclusions from state and federal overtime laws, including, without limitation, the motor carrier exemption.

20.     Defendants reserve the right to assert additional affirmative defenses or defenses of which they become knowledgeable of during the course of discovery.

**WHEREFORE**, Defendants respectfully request:

1.     That Plaintiff takes nothing from Defendants by way of his Complaint, and that judgment of dismissal be entered in favor of Defendants;

2.     That Defendants recover their fees, costs and disbursements incurred in defending this action; and

3.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**FRITO-LAY, INC. and ROLLING FRITO-LAY SALES, LP, DEFENDANTS**

_/s/ J. Bruce Cross_____
J. Bruce Cross (ABA# 74028)
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone: 501/371-9999

Facsimile: 501/371-0035
Email: bcross@cgwg.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of August, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Josh Sanford
Daniel Ford
SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com
daniel@sanfordlawfirm.com

*Attorneys for Plaintiff*

/s/ J. Bruce Cross
J. Bruce Cross